UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA

| | | |
|---|---|---|
| CORNELIUS HILL, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CAUSE NO.: |
| CITY OF GARY and ISAIAH PRICE, | ) ) | |
| DEFENDANTS | ) | JURY TRIAL DEMAND |

## COMPLAINT

Comes now Cornelius Hill, by and through his attorney, Tracy A. Coleman, COLEMAN LAW GROUP LLC, and for his complaint against Defendants, City of Gary and Officer Isaiah Price, offers the following:

## INTRODUCTION

1. This is a civil rights action. On August 17, 2019, Cornelius Hill was injured by Officer Price and an unknown police officer. Without lawful justification, Gary Police Officer Isaiah Price and his partner caused bodily harm to Cornelius Hill by beating and kicking him.

2. At the time of the beating, kicking and battery, Cornelius Hill presented no immediate threat to Defendant Officer Price, or anyone else.

## JURISDICTION AND VENUE

3. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.; the Judicial Code, §§1331 and 1343(a); and the Constitution of the United States and supplemental jurisdiction of the State of Indiana. Venue is proper in this District under 28 U.S.C. §1391 (b). The parties reside, or, at the time the events took

1

place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

## PARTIES

4. Cornelius Hill is a resident of Lake County, Indiana and was the driver in the car which included Rashad Cunningham and David Nusz as passengers.

5. Defendant Officer Isaiah Price was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Gary, Indiana, acting within the scope of his employment with the City of Gary and under color of state law. He is sued in his individual capacity.

6. Defendant, City of Gary, Indiana, is a municipality duly incorporated under the laws of the State of Indiana and is the employer and principal of Defendant Price and the other Gary police officers referred to in this Complaint. The City is responsible for the policies, practices and customs related to its maintenance of a police force.

## FACTS

7. On August 17, 2019, at approximately 3:15 am Cornelius Hill was parked in a vehicle in from of the home of Rashad Cunningham, at or near East 23rd Avenue and Kentucky Street in Gary, Lake County, Indiana.

8. Defendant Price and his partner approached the vehicle, with their flashlights and weapons drawn and pointed it at Cornelius Hill, and the two passengers in the vehicle.

9. Without cause or provocation and within approximately ten (10) seconds from exiting the car, Defendant Price fired his gun at Rashad, fatally killing him.

10. At the time of the shooting, Rashad was holding his wallet and driver's license in his hands.

11. At the time Defendant Price fatally shot Rashad, Cornelius, Rashad and David were not engaged in any criminal conduct or the violation of any law.

12. At the time Defendant Price fatally shot Rashad, Price had not issued any warnings to Rashad, Cornelius or David.

13. Before Defendant Price fatally shot Rashad, Defendant Price had not issued any warnings to Rashad, Cornelius or David.

14. Defendant Price's partner was present and did nothing to intervene or prevent the fatal shooting of Rashad or the beating of Cornelius Hill.

15. Following the shooting, Price's partner, a Gary police officer, ordered Cornelius Hill to the ground, kicked, battered and stepped on Cornelius head, put his gun in Cornelius' face, handcuffed Cornelius, and threatened Cornelius by saying, "Shut the fuck up. I should've shot you in your fucking head, too."

16. At the time Price's partner used the force described above on Cornelius Hill, Cornelius had not done anything to resist or threaten Defendant Price or his partner.

17. Defendant Price was present and did nothing to intervene or prevent his partner's use or force against Cornelius.

18. Cornelius was taken into police custody and held for six (6) hours at the police station after witnessing the police murder his friend, Rashad Cunningham.

19. Cornelius was not advised that he was free to leave at any time while he was in police custody.

20. Prior to seizing Cornelius, no police officer had observed Cornelius commit any criminal act or act in violation of the law.

21. At no time prior to or during the time Cornelius was held in police custody, did any police officer have probable cause to believe Cornelius had committed or was committing a crime or violating any law.

22. At no time prior to or during the time Cornelius was held in police custody, did any police officer have reasonable suspicion that Cornelius had committed or was committing a crime or violating any law.

## COUNT I
## 42 U.S.C. §1983 CLAIM FOR UNCONSTITUTIONAL SEIZURE

23. Plaintiff, Cornelius Hill, repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

24. The actions of the Defendant Price in attacking, harming without just cause, Cornelius Hill, constituted the use of excessive force in violation of Cornelius Hill's right under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

**WHEREFORE**, pursuant to 42 U.S.C 1983, Plaintiff Cornelius Hill demands judgment against Defendant Price for compensatory damages, punitive damages, plus the cost of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## COUNT 2
## STATE LAW CLAIM INTENTIONAL INFLICTION OF EMOTIONAL HARM

25. Plaintiff Cornelius Hill repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

26. As a direct and proximate result of the foregoing willful and wanton acts of Defendant Price and the City of Gary, Cornelius Hill sustained permanent injuries.

27. That Cornelius Hill will continue to suffer pecuniary loss, emotional distress as a result of the injuries he suffered and due to witnessing the death of his friend, Rashad Cunningham.

**WHEREFORE**, the Plaintiff, Cornelius Hill, demands judgment against the Defendant Isaiah Price and the City of Gary for compensatory and punitive damages, plus cost and any and all other relief that this Court deems just, fair, necessary and proper.

## COUNT 3

### 42 U.S.C. 1983 Claim for Unconstitutional Seizure/Cornelius Hill

28. Plaintiff Cornelius Hill repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

29. The actions of Price's partner, a Gary police officer, in stepping on Cornelius's head, putting a gun in his face, beating him, kicking him and threatening to fatally shoot Cornelius, without just cause constituted the use of excessive force in violation of Cornelius' rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

**WHEREFORE**, pursuant to 42 U.S.C. 1983; Plaintiff Cornelius Hill demands judgment against the unnamed Gary police officer, Price's partner, for compensatory and punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## COUNT 4
## 42 U.S.C. 1983 Claim for Unconstitutional Seizure/Cornelius Hill

30. Plaintiff Cornelius Hill repeats and realleges the preceding paragraphs of this Complaint, as if they were fully set out in this Count.

31. The actions of Price, his partner and any other involved Gary police officer, in seizing Cornelius, handcuffing Cornelius, taking Cornelius into police custody and holding him for six (6) hours, without probable cause or other legal justification constituted an unreasonable seizure and detention in violation of Cornelius's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries alleged in this Complaint.

**WHEREFORE**, pursuant to 42 U.S.C. §1983, Plaintiff Cornelius Hill demands judgment against Price and any and all other Gary police officers involved, for compensatory and punitive damages, plus the cost of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## COUNT 5
## STATE LAW CLAIM FOR RESPONDEAT SUPERIOR AGAINST DEFENDANT CITY OF GARY

32. Plaintiffs repeat and reallege the preceding paragraphs of this complaint, as if they were fully set out in this Count.

33. Defendant Officer Price, his partner and any other Gary police officer involved in the incident resulting in the fatal shooting of Rashad Cunningham and unlawfully seizing, detaining and using excessive force against Cornelius Hill were, at all times material to the allegations made in this complaint, employees and agents of Defendant City of Gary acting within the scope of their employment. Defendant City of Gary is liable for the

6

acts of Defendant Price, his partner and any other Gary police officer under the doctrine of Respondeat Superior.

**WHEREFORE**, Plaintiff demands judgment for damages, from Defendant Price and Defendant City of Gary for any state law claims, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT 6
### State Law Claim and Respondeat Superior Against Defendant City of Gary

34. Plaintiffs repeat and reallege the preceding paragraphs of this complaint, as if they were fully set out in this Count.

35. Defendant City of Gary was the employer of Defendant Price, his partner and any other Gary police officer involved in the fatal shooting of his passenger and unlawfully seizing, detaining and using excessive force against Cornelius Hill and his passenger at all times relevant to the allegations contained in this Complaint.

36. Defendant Price, his partner and any other Gary police officer involved in the events described in this Complaint committed the acts alleged in this complaint in the scope of their employment with the City of Gary.

37. Defendant City of Gary should indemnify Defendant Price, his partner and any other Gary police officer involved in the events described in this Complaint pursuant to Indiana law providing for the indemnification of a public entity's employees.

**WHEREFORE,** Plaintiff demands judgment against Defendant City of Gary in the amount awarded to Plaintiffs as damages, attorney's fees, costs and interest, and or for any settlement entered into between Plaintiffs and Defendants and for whatever additional relief this Court deems equitable and just.

Respectfully submitted,

<u>/s/ Tracy A. Coleman</u>
Tracy A. Coleman, 19733-45
COLAMEN LAW GROUP LLC
P.O. BOX 641262
Gary, IN 46401
219-689-8589